HABERBUSH & ASSOCIATES, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
VANESSA M. HABERBUSH, ESQ., SBN 287044
LANE K. BOGARD, ESQ., SBN 306972
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile:  (562) 435-6335
E-mail: lbogard@lbinsolvency.com

Attorneys for Debtors and Debtors-in-Possession.

**FILED & ENTERED**

**AUG 18 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**CHANGES MADE BY COURT**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>PAUL BODEAU and SANDRA BODEAU,<br><br>　　　　Debtors and Debtors-in-Possession. | Case No. 2:17-bk-17761-RK<br><br>**Chapter 11**<br><br>**ORDER ON NOTICE OF MOTION AND MOTION IN INDIVIDUAL CHAPTER 11 CASE FOR ORDER APPROVING A BUDGET FOR THE USE OF THE DEBTOR'S CASH AND POSTPETITION INCOME**<br><br>[No hearing required] |

　　　　The Court, having considered the Notice of Motion and Motion in Individual Chapter 11 Case for Order Approving a Budget for the Use of the Debtor's Case and Postpetition Income (the "Motion") filed by Paul Bodeau and Sandra Bodeau, Debtors and Debtors-in-Possession ("Debtors"), the Declaration Re: That No Party Requested a Hearing on Motion Pursuant to LBR 9013-1(o) Re Notice of Motion and Motion in Individual Chapter 11 Case for Order Approving a Budget for the Use of the Debtor's Case and Postpetition Income, and good cause appearing therefore, it is hereby,

**ORDERED**, that the Motion is denied as to the approval of use funds for $450 in expenses per month for entertainment, clubs, recreation, newspapers, magazines, and books to be outside the ordinary course of business and not shown to be an exercise of reasonable business judgment; and it is

**FURTHER ORDERED**, that Debtors' use of cash on hand and the Debtors' postpetition income and/or earnings to pay the expenses and/or make the deductions and/or withholdings described in in Schedules I and J attached to the declaration filed in support of the Motion are neither approved nor disapproved.  Use of estate funds in the ordinary course of business does not need court approval.  Recently, a district court in Maryland observed that "some bankruptcy courts have found that individuals operating as Chapter 11 debtors-in-possession may use estate proerpty on personal expenses are in the 'ordinary course' rather than unusual or extraordinary." *In re Massenburg*, 554 B.R. 796, 755 (D. Md. 2016), *citing*, *In re Seely*, 492 B.R. 284, 290 (Bankr. C.D. Cal. 2013) (Bluebond, J.) and *In re Bradley*, 185 B.R. 7, 8-9 (Bankr. W.D.N.Y. 1995).  Judge Bluebond in her opinion in *Seely* stated that an individual Chapter 11 debtor may use estate funds without court approval to pay for living expenses so long as such expenses were in the "ordinary course."  492 B.R. at 290.  However, ordinary course means ordinary course.  See *In re Dant & Russell, Inc.*, 853 F.2d 700, 704-705 (9th Cir. 2008).

Morevoer, if the use of estate funds to pay Debtors' living expenses is not in the "ordinary course," such use is subject to the general requirements of 11 U.S.C. § 363(b)(1) and applicable case law.  *Id*.  That is, if the proposed use of estate funds for personal living expenses is not within the ordinary course of business, a debtor-in-possesion (or trustee) may use, sell or lease estate property only after notice and a hearing and upon a showing of exercise of reasonable business judgment for such use outside the ordinary course of business.  See, *In re Mark Vincent Kaplan*, No. 2:15-bk-16187 RK Chapter 11 (Bankr. C.D. Cal., order filed and entered on June 11, 2015) (Kwan, J.), *citing*, 3 March, Ahart and Shapiro, *California Practice Guide:  Bankruptcy*, ¶¶ 14:75 and 14:595 at 14(I)-6 and 14(I) at 49 (2014), *citing inter alia, In re Lionel Corp.*, 727 F.2d. 1063, 107 (2nd Cir. 1983) and *In re Ernest Home Ctr., Inc.*, 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997).

This court in *In re Kaplan* noted that in *In re Villalobos*, 2011 WL 4485793 (9th Cir. BAP 2011) (unpublished memorandum opinion), the Bankrputcy Appellate Panel of the Ninth Circuit reversed the order of the bankruptcy court approving the individual Chapter 11 debtor's personal living expenses on grounds that the bankruptcy court failed to issue sufficient findings of facts and conclusions of law to support approval or disapproval of the expenses in the debtor's proposed budget as well as to support the approval of the debtor's budget nunc pro tunc to the petition date. *In re Mark Vincent Kaplan*, slip op. at *4, *citing*, *In re Villalobos*, 2011 WL 4485793, slip op. at **8-9 and no. 13.  The Bankruptcy Appelate Panel of the Ninth Circuit in *In re Villalobos* stated: "[g]iven the uncertainty in this area of the law [i.e., post-BAPCPA], the identification of the proper Bankruptcy Code section for approval or personal expenses of individual Chapter 11 debtors, it is all the more important for the bankruptcy court to articulate the legal rule being applied and the explicit findings of fact that support the legal rule." *Id.*, slip op. at *9.  Boilerplate recitals in a form motion by movants are not sufficient to assist the court in meeting this standard.

In the instant case, other than the denial of approval of the $450 for enterntainment expenses per month which the court finds to be not in the ordinary course of business, and not shown to be the exercise of reasonable business judgment, the court does not approve nor disapprove the personal expenses of the Chapter 11 debtors.

**IT IS SO ORDERED.**

# # #

Date: August 18, 2017

_____
Robert Kwan
United States Bankruptcy Judge